IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND and EUGENIA SPRICH, TRUSTEES OF THE HERBERT C. WIEGAND REVOCABLE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> NEW YORK LIFE INSURANCE & ANNUITY CORPORATION, <br><br> and <br><br> NEW YORK LIFE INSURANCE COMPANY, <br><br> Defendants. | No.4:22-cv-00188-JCH <br><br> Jury Trial Demanded |

## DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY OF JOANN DYROFF

COMES NOW Defendants, by and through its attorneys, and in accordance with Rule 30 of the Federal Rules of Civil Procedure hereby submit this Motion to Compel Deposition Testimony of Joann Dyroff. In support of this Motion, Defendants state as follows:

1. Plaintiffs' Complaint bring claims related to a life insurance policy allegedly owned by The Herbert C. Wiegand Revocable Trust on the life of Jean C. Wiegand. [Dkt. 4]

2. Joann Dyroff is a witness to this litigation due to prior services she provided to the Plaintiffs, specifically services related to the insurance policy at issue. Those prior services were placed at issue in this matter by Plaintiffs' Complaint which alleges that Defendants did not provide

appropriate notice of the insurance policy terms and cash value vis-à-vis Plaintiffs' authorized representative and attorney—Joann Dyroff. [Dkt. 4 at ¶¶ 25-41].

3. Joann Dyroff was and is an attorney at Paule, Camazine & Blumenthal, P.C. and does not represent the Plaintiffs in this litigation. Rather, Plaintiffs in this litigation are directly represented by Joe Jacobson at Jacobson Press PC.

4. The deposition of Joann Dyroff took place on February 24, 2023. Present at the deposition were counsel for Plaintiffs, Defendants, and the deponent, respectively.

5. During the Defendants' line of questioning, Ms. Dyroff claimed attorney-client privilege in response to various questions based on her attorney-client relationship with the Plaintiffs and refused to answer the same. Those questions were certified at deposition and are attached hereto as **Exhibit A**. For ease of reference, the certified questions can be found at:

> Page:Line
> 19:17 – 20:5
> 33:12 – 33:19
> 35:10 – 35:16
> 61:25 – 62:5
> 63:13 – 63:18
> 71:8 – 71:16
> 75:23 – 76:15

6. In diversity cases, federal law governs procedural questions and state law governs substantive questions, and "the testimonial privilege of a witness is a substantive question." *Continental Cablevision, Inc. v. Storer Broadcasting Co.*, 583 F. Supp. 427, 431 (E.D. Mo. 1984) (citing federal Rule of Evidence 501); *see also Mattea v D. Scott Carruthers & Assoc.*, No. 8:09CV154, 2010 U.S. Dist. LEXIS 13965, at *3 (D. Neb. Feb. 18, 2010) (federal common law applies to privileges for non-diversity cases).

7.     The Missouri Western District Court of Appeals has held the following with regard to the attorney-client privilege in Missouri:

> The attorney-client privilege prohibits the discovery of confidential communications, oral or written, between an attorney and his client with reference to litigation pending or contemplated. The party asserting the attorney-client privilege bears the burden of proof to demonstrate that the privilege applies. A blanket assertion of privilege is not sufficient. Instead, the party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied. The elements of attorney-client privilege are: (1) the existence of an attorney-client relationship at the time the communication was made or advice was given; and (2) the attorney-client relationship existed with respect to the subject matter of the communication or advice.

*State ex rel. Koster v. Cain*, 383 S.W.3d 105, 116 (Mo. App. W.D. 2012) (internal citations and quotations omitted).

8.     "It is well settled in Missouri that though a privileged communication may be a shield of defense . . . it cannot be used as a sword or weapon of offense to enable persons to carry out [improper conduct]." *State ex rel. Koster*, 383 S.W.3d at 121. "Discoverable information cannot be made privileged simply by reciting it to an attorney" and "a party may not claim the privilege where the dealing and communication between a non-lawyer and a lawyer concern non-legal matters." *Id.* at 119-20. "'The attorney-client relationship does not exist where the attorney acts as a mere conduit for the transfer of money.'" *Id.* at 120 (quoting *Ralls v. United States*, 52 F.3d 223, 226 (9th Cir. 1995).

9.     The questions at 19:17 – 20:5, 33:12 – 33:19, and 75:23 – 76:15 pertain to the specific activity of Ms. Dyroff in handling the insurance policy and providing a copy of the policy to Plaintiffs. These questions do not seek any advice or communications given to the Plaintiffs. The

conduct of Ms. Dyroff is entirely relevant and discoverable except for legal advice she provided to the Plaintiffs for which none is solicited in these questions.

10. The questions at 35:10 – 35:16, 61:25 – 62:5, 63:13 – 63:18, and 71:8 – 71:16 seek information related to communications placed directly at issue in Plaintiffs' Complaint for which Defendants have no other avenue of discovery. Most notably, these questions simply ask whether Ms. Dyroff informed the Plaintiffs about the insurance policy as is her duty under the Missouri Rules of Professional Conduct. *See In re Crews*, 159 S.W.3d 355, 359 (Mo. 2005) (citing Mo. Sup. Ct. R. 4-1.1, 4-1.3, and 4-1.4). Plaintiffs' knowledge and any notice provided to them is directly at stake in this matter and Joann Dyroff—as the authorized agent to receive notice—is the only independent witness who can testify to the facts at issue.

11. As a sword, Plaintiffs use the attorney-client privilege to improperly claim a lack of knowledge on the diminishing nature of the insurance policy vis-à-vis notice to their attorney Joann Dyroff. Yet, Plaintiffs simultaneously shield evidence of their actual knowledge behind the attorney-client privilege by preventing Ms. Dyroff from testifying about the same. *State ex rel. Koster*, 383 S.W.3d at 121. Plaintiffs' knowledge—along with conferences with or referrals to other consultants—is made all the more crucial given the fact that Ms. Dyroff did not typically work with insurance policies of this kind and would often defer to others with greater knowledge. *See* **Exhibit B** at 12:4-25; 18:19 – 21:17; 35:3-9.

12. Furthermore, nothing shows that Ms. Dyroff's authorization to accept documents on Plaintiffs' behalf or relay that information to Plaintiffs constitutes legal advice. *State ex rel. Koster*, 383 S.W.3d at 119-20. Although Ms. Dyroff was Plaintiffs' attorney, the activity at stake in this

litigation concerns non-legal matters and no attorney-client privilege is recognized where Ms. Dyroff acted "as a mere conduit" for the transfer of insurance documents. *Id.* at 20.

13. Even if Ms. Dyroff's activities could be considered legal advice, Plaintiffs have inherently waived the privilege protections by placing these communications at issue in the Complaint. *See Matthes v. Wynkoop*, 435 S.W.3d 100, 110 (Mo. App. W.D. 2014) ("[A]s [plaintiff's] new counsel denied the existence of a settlement . . . by the very filing of [plaintiff's] petition in this case [], [plaintiff] placed the subject matter of the allegedly privileged communication in issue; consequently, he waived any attorney-client privilege."). There is a fundamental unfairness for Plaintiffs to plead or rely on any evidence or testimony concerning notice of the insurance policy while simultaneously shielding discovery on whether they actually received notice from their attorney.

14. As noted above, "[t]he party asserting the attorney-client privilege bears the burden of proof to demonstrate that the privilege applies. *State ex rel. Koster*, 383 S.W.3d at 116. Although Ms. Dyroff shielded her testimony under attorney-client privilege with the Plaintiffs, it is actually the Plaintiffs who have the power to waive that privilege but for an Order of the Court. *See Pipes v. Sevier*, 694 S.W.2d 918, 924 (Mo. App. W.D. 1985) ("The privilege, personal to the client, may be waived by the client."). Plaintiffs have failed to waive the privilege and permit the relevant, discoverable testimony of Ms. Dyroff that is directly at issue in Plaintiffs' claim.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order compelling the oral testimony of Joann Dyroff on the certified questions herein, including incidental questioning that may arise on the answer to the questions, and for such further and other relief as this Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ James M. Brodzik
James M. Brodzik #66700
Daniel K. Ryan #619661
521 West Main Street, Suite 300
Belleville, IL 62220
Telephone: 618-277-2400
Facsimile: 618-277-1144
Email: JBrodzik@HinshawLaw.com
Email: DRyan@HinshawLaw.com

Attorneys for defendants New York Life Insurance & Annuity Corporation and New York Life Insurance Company

1048499\313158309.v1

## CERTIFICATE OF SERVICE

      The filing attorney certifies that on April 13, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

                                                                /s/ James M. Brodzik