UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD WIEGAND and EUGENIA          )
SPRICH, TRUSTEES OF THE             )
HERBERT C. WIEGAND REVOCABLE        )
TRUST, individually and on          )
behalf of all other similarly       )
situated,                           )
                                    )
        Plaintiff,                  )No. 4:22 CV 188 RWS
                                    )
vs.                                 )
                                    )
NEW YORK LIFE INSURANCE &           )
ANNUITY CORPORATION, et al.,        )
                                    )
        Defendants.                 )


        The deposition of JOANN DYROFF, taken before

Mary M. Rocco, Certified Court Reporter and

Registered Professional Reporter, taken pursuant

to the provisions of the Missouri Code of Civil

Procedure and the Rules of the Supreme Court

thereof pertaining to the taking of depositions

for the purpose of discovery, commencing at 12:00

p.m., on February 24th, 2023, at 165 North

Meramec, Suite 110, St. Louis, Missouri 63105.

```
 1   APPEARANCES:

 2   JACOBSON PRESS, P.C.
     BY:  JOSEPH JACOBSON, ESQUIRE
 3   222 South Central Avenue, Suite 550
     Clayton, Missouri 63105
 4   Phone:  314.899.9789
     E-mail:  jacobson@archcitylawyers.com
 5
          On behalf of the Plaintiffs;
 6

 7   PAULE, CAMAZINE & BLUMENTHAL, P.C.
     BY:  DAVID M. SLABY, ESQUIRE
 8   165 North Meramec Avenue, Suite 110
     St. Louis, Missouri 63105-3772
 9   Phone:  314.244.3650
     E-mail:  dslaby@pcblawfirm.com
10
          On behalf of Joann Dyroff;
11

12
     HINSHAW & CULBERTSON, LLP
13   BY:  JAMES M. BRODZIK, ESQUIRE
     521 West Main Street, Suite 300
14   Belleville, Illinois 62220
     Phone:  618.277.2400
15   E-mail:  jbrodzik@hinshawlaw.com

16        On behalf of Defendants.

17

18                    * * * * *

19

20

21

22

23

24

25
```

```
 1                    I N D E X

 2
      WITNESS                                      PAGE
 3
      JOANN DYROFF
 4          Examination by Mr.  Brodzik              4
            Examination by Mr.  Jacobson           79
 5          Examination by Mr.  Brodzik            85

 6
                      E X H I B I T S
 7
      EXHIBIT                                      PAGE
 8
      Exhibit A      Petition                        5
 9    Exhibit B      Subpoena                       17
      Exhibit C      Privilege Log                  18
10    Exhibit D      DRYOFF00149 to DRYOFF00192     23
      Exhibit E      DRYOFF00199 to DRYOFF00228     25
11    Exhibit F      DRYOFF00066 to DRYOFF00074     28
      Exhibit G      DRYOFF00898                    35
12    Exhibit H      DRYOFF00198                    37
      Exhibit I      DRYOFF00920 to DRYOFF00921     38
13    Exhibit J      DRYOFF00098 to DRYOFF00117     46
      Exhibit K      DRYOFF00799 to DRYOFF00812     50
14    Exhibit L      DRYOFF00556                    53
      Exhibit M      DRYOFF00502 to DRYOFF00504     54
15    Exhibit N      DRYOFF00121 to DRYOFF00147     58
      Exhibit O      DRYOFF00092 to DRYOFF00095     59
16    Exhibit P      DRYOFF00083 to DRYOFF00084     64
      Exhibit Q      DRYOFF00271                    67
17

18                   CERTIFIED QUESTIONS

19    PAGE        LINE                PAGE        LINE

20    19          17                  20           5
      33          12                  33          19
21    35          10                  35          16
      61          25                  62           5
22    63          13                  63          18
      71           8                  71          16
23    75          23                  76          15

24
                        -  -  -
25
```

```
 1                    (Witness sworn.)
 2    WHEREUPON:
 3                    JOANN DYROFF, called as a witness
 4    herein, having been first duly sworn, was examined
 5    and testified via videoconference as follows:
 6                        - - -
 7                    EXAMINATION
 8    BY MR. BRODZIK:
 9         Q.    Good afternoon.  My name is James
10    Brodzik.  I represent New York Life Insurance and
11    Annuity Corporation and New York Life Insurance
12    Company.
13                    A few ground rules.  I almost feel
14    like I don't even have to state these to you.  But
15    no shaking heads.  "Yes" or "No" answers.  Allow
16    me to finish my questions.  Whenever you need a
17    break, let me know.  I just ask that you finish
18    any pending questions or answer any pending
19    questions before we do so.  Can you state your
20    name for the record, please?
21         A.    Joann N. Dyroff.
22         Q.    And your date of birth?
23         A.    6-30, 1945.
24         Q.    And your address?
25         A.    15 Woodoaks Trail, St. Louis,
```

1   spoken with the clients about.

2             MR. JACOBSON:  I'm going to object

3   to the form of the question.  Since we're talking

4   about a period of time that spans over 20 years or

5   so, I think we need to have the understanding of

6   what point in time.  Otherwise, we have --

7   BY MR. BRODZIK:

8        Q.    Okay.  In 2003, did you understand

9   that term about the policy?

10       **A.    Understand what term about the**

11  **policy?**

12       Q.    That the policy had a cash value

13  that would dissipate over time unless additional

14  premium was added to the policy?

15       **A.    No.**

16       Q.    Have you ever spoken with Jean

17  Cameron Wiegand?

18       **A.    No.**

19       Q.    And you didn't represent Jean

20  Cameron Wiegand?

21       **A.    No.**

22       Q.    Have you ever spoken with Jean

23  Cameron Wiegand's children, outside of the

24  children of Herbert Wiegand, her own children that

25  were outside of that marriage?

1    policies that had a death benefit and a

2    diminishing cash value but for the inclusion of an

3    additional premium?

4          **A.    Yes.**

5          Q.    Okay.  And you've provided legal

6    guidance in regards to the handling and

7    maintenance of these types of policies?

8          **A.    On a very limited basis.**

9          Q.    Okay.  And what basis would that be?

10         **A.    To consult with their insurance**

11   **agent primarily.**

12         Q.    Do you recall if you ever provided

13   this accumulative life insurance illustration

14   document to Edward or Eugenia?

15         **A.    I believe that that calls for**

16   **confidentiality issues in terms of my discussions**

17   **with them.**

18               MR. BRODZIK:  I'll certify that

19   question.

20               (Whereupon, the pending question is

21   certified at the request of Mr. Brodzik.)

22   BY MR. BRODZIK:

23         Q.    In your history of dealing with

24   accumulator policies with diminishing cash values,

25   has it been your recommendation in the past to

```
 1   Wiegand Revocable Trust; correct?
 2        A.     It appears to be the case.
 3        Q.     And the address listed as the owner
 4   or the address for the Herbert C. Wiegand
 5   Revocable Trust is 165 North Meramce Avenue?
 6               MR. JACOBSON:  Meramec.
 7   BY MR. BRODZIK:
 8        Q.     The document states Meramce,
 9   M-E-R-A-M-C-E, Avenue, Sixth Floor, St. Louis,
10   Missouri 63105.  Can you tell me where 165 North
11   Meramce Avenue is?
12        A.     I would assume that that is right
13   here, but with a small typo.
14        Q.     So you do admit that there is a typo
15   in this address?
16        A.     Yes.
17        Q.     And under phone number listed as the
18   home phone number of the Herbert C. Wiegand
19   Revocable Trust, the number 314-727-2266 is
20   listed.  Is that your office number?
21        A.     Yes.
22        Q.     Do you know why that is listed as
23   the home address of the Trust?
24        A.     I don't recall why that decision was
25   made.
```

1        Q.      And in the pages that you sent over,

2    it lists a guarantee no-lapse date of 6-13, 2005,

3    is that correct?

4        **A.      I don't --**

5        Q.      You can review the pages of the

6    document.

7                MR. SLABY:  Are you asking for what

8    it states on the form?

9                MR. BRODZIK:  Yes.  It states the

10   date of the guaranteed no-lapse date on the

11   policy.

12               THE WITNESS:  Yes.

13   BY MR. BRODZIK:

14       Q.      What is your understanding of what

15   the term "Guaranteed no-lapse date" of a policy

16   means?

17               MR. SLABY:  Object to form.

18               THE WITNESS:  Beyond the words

19   itself, I can't give you an explanation.

20   BY MR. BRODZIK:

21       Q.      Do you know what the "No-lapse" date

22   means, generally speaking?

23       **A.      I can tell you what the words might**

24   **mean in English, but not what it means to the**

25   **insurance companies.**