IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND<br>and EUGENIA SPRICH,<br>TRUSTEES OF THE HERBERT C.<br>WIEGAND REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE<br>& ANNUITY CORPORATION,<br><br>and<br><br>NEW YORK LIFE<br>INSURANCE COMPANY,<br><br>Defendants. | ))))))))))))))))))) No. 4:22-cv-00188-JCH |

**<u>DEFENDANTS' COMBINED REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEPOSITION TESTIMONY OF JOANN DYROFF</u>**

COMES NOW Defendants, by and through their attorneys, and in accordance with Rule 30 of the Federal Rules of Civil Procedure and Local Rule 4.01 and in reply to Deponent's Response in Opposition to Defendants' Motion to Compel Deposition Testimony of Joann Dyroff [Dkt. 43] and Plaintiffs' Opposition to Defendants' Motion to Compel Deposition Testimony of Joann Dyroff [Dkt. 45] hereby submit this Combined Reply in Support of Their Motion to Compel Deposition Testimony of Joann Dyroff. In support of this Reply in Support, Defendants state as follows:

On April 19, 2023, deponent Joann Dyroff submitted a response to Defendants' Motion to Compel by and through her own separate counsel. [Dkt. 43]. On April 24, 2023, Plaintiffs submitted a response to Defendants' Motion to Compel. [Dkt. 45].

Ms. Dyroff recognizes that an attorney is not disqualified from deposition testimony in all circumstances [Dkt. 43 at ¶ 8] and an attorney can be compelled to testify by order of the Court, as defendants seek in this Motion to Compel. Rather than providing authority for her position that the solicited testimony was privileged, Ms. Dyroff merely recites the general rule for attorney client privilege. [Dkt. 43 at ¶¶ 6-8]. She cites *State ex rel. Great Am. Ins. Co.* where an attorney provided specific legal advice to an insurance client after investigation of a fire. *State ex rel. Great Am. Ins. Co. v. Smith*, 574 S.W.2d 379, 380-81 (Mo. 1978). While this seminal authority is good for reciting the general rule, it is quite distinguishable from the case at bar where Ms. Dyroff was merely acting as an agent, conduit, or mailbox for the Plaintiffs to receive insurance materials.

Similarly, Plaintiffs' response fails to meet the burden of proof to show that the attorney-client privilege is applicable to the communications at issue. *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 116 (Mo. App. W.D. 2012) (burden of proof is on the party asserting the privilege). Plaintiffs instead assert red herrings in an attempt to distract the Court from Defendants' argument that the communications at issue are not privileged. To the extent any privilege applies, Plaintiffs waived the privilege by placing those communications at issue in the litigation. Furthermore, Plaintiffs make the same mistake as Ms. Dryoff in that they do not challenge any of the Defendants' cited legal authority, but rather merely recite the general rule for privileged communications. Plaintiffs also cite testimony from Plaintiff Eugenia Sprich's deposition as an effort to show that Defendants have received "relevant" information. [*See generally* Dkt. 45]. However, relevance is not unilaterally determined and Plaintiffs placed communications with Ms. Dryoff at issue in the Complaint.

Foremost, Plaintiffs' response agrees with the Motion to Compel that the attorney-client privilege can occur from "anticipatory waiver . . . where the client places the subject matter of the

privileged communication in issue in the litigation." [Dkt. 45 at p. 2 (quoting *State ex. Rel. Behrendt v. Neill*, 337 S.W. 3d 727, 729 (Mo. App. E.D. 2011)]. Therefore, even if Ms. Dyroff's activities could be considered legal advice, Plaintiffs have inherently waived the privilege protections by placing these communications at issue in the Complaint. *See Matthes v. Wynkoop*, 435 S.W.3d 100, 110 (Mo. App. W.D. 2014) ("[A]s [plaintiff's] new counsel denied the existence of a settlement . . . by the very filing of [plaintiff's] petition in this case [], [plaintiff] placed the subject matter of the allegedly privileged communication in issue; consequently, he waived any attorney-client privilege.").

The prior services of Joann Dyroff, legal or otherwise, were placed at issue in this matter by Plaintiffs' Complaint which alleges that Defendants did not provide appropriate notice of the insurance policy terms and cash value vis-à-vis Plaintiffs' authorized representative and attorney—Joann Dyroff. [Dkt. 4 at ¶¶ 25-41]. Plaintiffs claim that the only issue in the Complaint is whether annual policy notices were provided via mail, but this is disingenuous at best when Complaint alleges the notices were authorized to be sent to Joann Dyroff instead of to Plaintiffs. [Dkt. 4 at ¶ 30 ("Insurer received further written direction from the Trust's lawyer, signed by the Trustees, changing the address . . . ."); ¶ 31 ("The North Meramec address was the address for the lawyer for the Trust.")]. Moreover, there are numerous other facts at issue—including the extent of Plaintiffs' knowledge of the policy terms and communications of depreciating value from Ms. Dyroff. Plaintiffs' are not the arbiters for deciding what issues and topics are relevant for discovery.

Plaintiffs' response improperly asserts that because Plaintiffs considered Joann Dyroff their attorney during the relevant period, all communications are unquestionably privileged. [Dkt. 45 at pp. 3-7]. However, "discoverable information cannot be made privileged simply by reciting it to an

attorney" and "a party may not claim the privilege where the dealing and communication between a non-lawyer and a lawyer concern non-legal matters." *State ex rel. Koster*, 383 S.W.3d at 119-20. It is irrelevant whether Plaintiffs believed that Joann Dyroff was their attorney. The Motion to Compel does not question whether Joann Dyroff was Plaintiffs' attorney; rather, Defendants properly assert that the communications at issue did not contain legal advice such that they are privileged, or if they were privileged, the attorney-client privilege was waived when Plaintiffs put the communications at issue in this litigation. Whether Plaintiffs intended for Ms. Dyroff to be their attorney at the time the communications at issue were made, or in the future, after "finally receiv[ing] information about the Policy from NY Life" is not the basis for ruling upon the Motion to Compel. [Dkt. 45 at p. 5].

Despite Plaintiffs' response to the contrary, Defendants have not received sufficient answers to questions on the communications at issue and the knowledge—or lack thereof—gained by Plaintiffs from those communications. [Dkt. 45 at pp. 8-12]. Plaintiffs blatantly misrepresent the deposition testimony of Joann Dyroff who merely testified that she did not understand the insurance policy and has generally told clients to consult with others with regarding these types of policies. [Dkt. 45 at pp. 8-9]. At no point did Ms. Dyroff directly testify that she "did not provide plaintiffs with any information at the Policy's terms or how the Policy worked," but in fact she refused to answer that exact question multiple times due to alleged attorney-client privilege and hence the need for the Motion to Compel. [Dkt. 45 at p. 8; Dkt. 42 at Exhibit A]. At best, Ms. Dyroff testified generally as to how she communicated with clients, but she refused to testify as to what she specifically did in this case. [Dkt. 42 at Exhibit A]. Furthermore, the testimony of Plaintiff Eugenia Sprich did not answer "all of NY Life's relevant questions," especially where Plaintiffs had communications with Ms. Dyroff evidencing that Plaintiffs may or may not have in fact received the

insurance policy materials at issue, despite Plaintiffs' self-serving testimony that they never received anything from Ms. Dyroff. [Dkt. 45 at pp. 10-12]. It is crucial to know—and has been put at issue via the Complaint and deposition testimony—what materials Plaintiffs actually received and whether Plaintiffs' agent would provide testimony and facts contrary to Plaintiffs' assertions. The witness who can provide that testimony and those facts is Plaintiffs' agent—Joann Dyroff.

Plaintiffs hold the power over the attorney-client privilege and Plaintiffs have the sole power to waive that privilege but for an Order of the Court. *See Pipes v. Sevier*, 694 S.W.2d 918, 924 (Mo. App. W.D. 1985). "The party asserting the attorney-client privilege bears the burden of proof to demonstrate that the privilege applies." *State ex rel. Koster*, 383 S.W.3d at 116. Plaintiffs have not met their burden to prove privilege for their communications with Joann Dyroff—as specifically described in the Motion Compel—since the communications only relayed insurance policy paperwork to the Plaintiffs without any legal analysis or advice provided by Ms. Dyroff, nor any sought by Plaintiffs from Ms. Dyroff, and Plaintiffs response admits as much. [Dkt. 45 at p. 8 ("[B]oth Dyroff and Sprich testified in their depositions that Dyroff did not provide plaintiffs with any information about the Policy's terms or how the policy work."); p. 12 ("Did you or your brother ever ask Joann Dyroff or anyone else to analyze the policy that's at issue in this case . . . ? No.")]. If the communications at issue contained no legal advice—as Plaintiff contends—then the communications would be non-legal matters not covered by privilege. *State ex rel. Koster*, 383 S.W.3d at 119-20. Nevertheless, even if those communications at issue could be considered generally privileged, the Plaintiffs waived that privilege by putting those communications at issue in their Complaint and via deposition testimony. [Dkt. 4 at ¶¶ 25-41; Dkt. 45 at pp. 4-7, 10-12)]. Therefore, an Order granting Defendants' Motion to Compel is warranted.

Finally, the Defendants conferred, or at least attempted to confer, in good faith with Ms. Dyroff's counsel and Plaintiff's counsel during the deposition of Joann Dyroff and the deposition of Plaintiff Eugenia Sprich, wherein the attorney-client privilege was asserted. *See Callaway v. Adcock*, No. 2:20-cv-00598-ECM-SRW, 2021 U.S. Dist. LEXIS 257646, at *4 (M.D. Ala. Mar. 30, 2021) ("Arguably, Defendant's colloquy with [non-party deponents] during their depositions constitutes a good faith attempt under Rule 37(a)(1) to confer with the person failing to make the disclosure in an effort to obtain it without court action."). While Defendants are open to further discussion on the issue, Defendants believe any further conference would be futile where the asserted privilege allegedly prevents any additional response.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order compelling the oral testimony of Joann Dyroff on the certified questions herein, including incidental questioning that may arise on the answer to the questions, and for such further and other relief as this Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ James M. Brodzik
James M. Brodzik #66700
Daniel K. Ryan #619661
521 West Main Street, Suite 300
Belleville, IL 62220
Telephone: 618-277-2400
Facsimile: 618-277-1144
Email: JBrodzik@HinshawLaw.com
Email: DRyan@HinshawLaw.com

Attorneys for defendants New York Life Insurance & Annuity Corporation and New York Life Insurance Company

## CERTIFICATE OF GOOD FAITH

  In accordance with Fed. R. Civ. P. 37 and Local Rule 3.04, the filing attorney certifies that a good faith effort to confer with Plaintiffs' counsel and counsel for the deponent on these issues was made prior to filing this Motion to Compel at the depositions of Joann Dyroff on February 24, 2023 and Eugenia Sprich on April 7, 2023, respectively.

                /s/ James M. Brodzik

## **CERTIFICATE OF SERVICE**

The filing attorney certifies that on May 1, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

_____/s/ James M. Brodzik_____