IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

EDWARD WIEGAND and EUGENIA SPRICH, )
TRUSTEES OF THE HERBERT C. )
WIEGAND REVOCABLE TRUST, )
                                            )
          Plaintiffs, )
                                              )       No.4:22-cv-00188-HEA
    vs. )
                                              )       Jury Trial Demanded
NEW YORK LIFE INSURANCE )
& ANNUITY CORPORATION and NEW YORK )
LIFE INSURANCE COMPANY, )
                                              )
          Defendants. )

## DEFENDANTS' MOTIONS IN LIMINE

COME NOW Defendants, NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY (combined as "New York Life" or Defendants), by and through their attorneys, and for their Motions in Limine state as follows:

### General Motions in Limine

### Motion in Limine #1: To Bar Reference to Undisclosed Damages

Any documents Plaintiffs contend reflect or support their calculation of damages that were not previously disclosed in discovery should be barred. Admission of such evidence would confuse the issues, constitute unfair surprise, and reward violations of the discovery rules. Fed. R. Evid. 403.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #2:To Exclude Witnesses from the Courtroom**

This Court "must" exclude nonparty witnesses from the courtroom prior to their testimony at a party's request. Fed. R. Evid. 615. Further, courts recognize that a witness who concludes his or her testimony and remains to observe some other part of the trial should be prohibited from testifying in rebuttal.  See, e.g., *United States v. Tedder*, 403 F.3d 836, 804 (7th Cir. 2005) ("If [defendant] wanted this witness available for rebuttal, he should have kept him out of the courtroom."). An order barring non-party witnesses from the courtroom prior to their testimony and prohibiting rebuttal testimony from non-party witnesses that were present for other witnesses' testimony prior to rebuttal would preserve the witness sequestration principles underlying Rule 615. Fed. R. Evid. 615 Notes of Advisory Committee on Proposed Rules.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

83487\315108724.v1

**Motion in Limine #3: To Bar Testimony of Any Undisclosed Witnesses**

Fed. R. Evid. 403 prohibits parties from calling any witness, expert or otherwise, who were not timely disclosed.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #4: To Bar Evidence not Previously Disclosed**

Plaintiffs, their attorneys, and their witnesses should be prohibited from introducing or otherwise referencing any documentation not previously provided in response to discovery requests. Introduction of such "surprise" evidence would be unfairly prejudicial in violation of Fed. R. Evid. 403 and would reward violation of the discovery rules.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

4

**Motion in Limine #5: To Bar Hearsay Statements of Non-Testifying Witnesses**

A Motion in Limine has the purpose of explaining to the Court and opposing counsel anticipated evidence which may be objectionable and perhaps prejudicial, thereby warranting the declaration of a mistrial. *Robbins v. Jewish Hospital St. Louis,* 663 S.W.2d 341, 348 (Mo. App. E.D. 1983). It is well-settled that evidence must be excluded if its admission would be more prejudicial than probative, inflammatory, or would divert a jury's attention from the questions before it. *State v. Taylor,* 663 S.W.2d 235, 242 (Mo. banc 1984); *Cass Bank & Trust Company v. Mestmen,* 888 S.W.2d 400, 404 (Mo. App. E.D. 1994).

Defendants anticipate Plaintiffs, their counsel, or other witnesses may testify or refer to hearsay statements purportedly made to Plaintiffs by non-parties including, but not limited to Clinton Vance and/or Bob Barr regarding the subject insurance policy's terms following Dr. Wiegand's funeral. At deposition, Ms. Sprich testified Mr. Vance told her "[Dr. Wiegand] had this other policy, and it's on Jean's life. And he has paid all the premiums and all the taxes on it. All you have to do is sit back and wait for her to die." Dep. of Eugenia Sprich, 62:25-63:3. Mr. Wiegand testified Mr. Vance told him "all you have to do is sit back and wait for Jean to die to receive the money from this policy." Dep. of Edward Wiegand, 45:10-12.

Injecting a non-testifying declarant's statements into this case would constitute inadmissible hearsay. Fed. R. Evid. 801; 803. "An out-of-court statement offered to prove the truth of the matter asserted is the classic definition of hearsay, and the hearsay rule excludes hearsay testimony absent a recognized exception." *Cruce v. Auto-Owners Mutual Insurance Company*, 851 S.W.2d 10, 12 (Mo. App. W.D. 1993). "The principal objection to hearsay testimony is the inability of an opponent-party to cross-examine the person to whom the hearsay statement is attributed." *Id.*

Plaintiffs have suggested they may offer the statements of Vance and/or Barr for a non-hearsay purpose, such as to explain their effect on Plaintiffs' state of mind in failing to contact New

York Life or investigate why they did not receive correspondence about the Policy after June of 2004. See Plaintiff's Motion in Limine #4, Doc. #74. Such an argument would be disingenuous because Vance's statements had no effect on their conduct. The alleged conversations with Vance took place in July of 2002. In the two-year period from Dr. Wiegand's death through June of 2004, Plaintiffs hired counsel, corresponded with New York Life about the Policy multiple times, completed, signed, and sent a number of forms relating to the Policy to New York Life, and transferred ownership of the Policy from the Wiegand Family LLC to the Trust. Alternatively. assuming Plaintiffs ever believed they could merely "sit back and wait for Jean to die," their subsequent involvement in actively managing the Policy corrected that misperception. Therefore, any effect Mr. Vance's statements may have had on Plaintiffs in 2002 would have no relevance to Plaintiffs' state of mind between June of 2004 and November of 2020.

In sum, reference to or testimony about Mr. Vance's alleged conversations with Plaintiffs should be barred because it would be significantly more prejudicial than probative and confuse the issues. Any misunderstanding Plaintiffs may have had about their duty to manage the Policy in July of 2002 would have been corrected by their involvement in administering it in 2003-04 or by simply reading the Policy itself—which they nor their attorney admittedly never did. Thus, any reference, inference, testimony, statement, evidence or the like, either direct or indirect, by any party, witness or individual, as to the statements of non-testifying declarants should be barred.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

83487\315108724.v1

**Motion in Limine #6: To Bar Comments Upon the Credibility of Parties or Other Witnesses**

Plaintiffs, their attorneys, and their witnesses should be precluded from commenting on the credibility of other witnesses or the parties.  Counsel may not ask one witness to comment on the veracity of the testimony of another witness; it is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience. *Schleicher v. Rowley*, 2003 U.S. Dist. LEXIS 17469, *11 (E.D. Mo. 2003) (citing *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002)).

**Court Ruling:** Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #7: To Bar References to Size or Location of Law Firm**

Any reference, inference, testimony, statements, evidence or the like, either direct or indirect, regarding the relative size of Hinshaw & Culbertson LLP, the number of Hinshaw & Culbertson LLP offices, and/or the location of said offices or where an attorney resides in the litigation of this case is immaterial and irrelevant to the issues in this lawsuit. Any attempt to influence the jury and/or allude to the jury that Defendants retained a large law firm to represent them in this lawsuit is immaterial and irrelevant to the issues. Nor is it relevant that one of the attorneys for Defendants resides outside of Missouri. Any attempt to solicit said information would be severely prejudicial to Defendants, as such commentary would only serve to inflame or unduly influence the jury. While Defendants have no objection to identifying Defendants' counsel as lawyers with the law firm of Hinshaw & Culbertson LLP, no other references to the undersigned counsels' law firm should be permitted.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #8: To Bar Reference to Other Lawsuits or Claims**

Plaintiffs should be precluded from making reference or introducing evidence regarding any lawsuits, citations, causes of action, or claims against Defendants prior to or subsequent to the events giving rise to this case. Evidence of any other lawsuits or claims would be immaterial and irrelevant to any issues in the instant case, would not establish any element of Plaintiffs' claims here, and would confuse the jury. Fed. R. Evid. 403.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

9

**Motion in Limine #9: To Bar Reference to Other Insurance Policies or Financial**

**Instruments**

In addition to the life insurance policy at issue in this case, Dr. Wiegand purchased a number of other financial instruments from Defendants during his life including other life insurance policies, annuities, and the like. While Plaintiffs made no allegations of wrongdoing regarding the administration of any other financial instrument, Defendants anticipate Plaintiffs may conflate the collateral matters of Defendants' obligations and earnings from other instruments with Defendants' obligations and earnings here. Such a practice would be unfairly prejudicial, have no probative value, and would only confuse the issues and the jury. Fed. R. Evid. 403. As such, reference to any other should be barred life insurance policies or financial instruments other than the subject policy should be barred.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

10

**Motion in Limine #10: To Bar Reference to Insurance and Comment on Defendants' Ability to Pay a Judgment**

Any reference, inference, testimony, statement, evidence, or the like, either direct or indirect, regarding insurance or other sources by which Defendants could satisfy a judgment is immaterial and irrelevant to any issues in this lawsuit and has no bearing on the existence or extent of Defendants' liability, if any. Any indications to the jury relating to Defendants' insurance or ability to pay a judgment would be improper and severely prejudicial. Fed. R. Evid. 411.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #11: To Bar Evidence of Settlement Negotiation**

This Court should bar Plaintiffs from referencing settlement talks or the details of same for any purpose, including to prove the validity of Plaintiffs' claims or for impeachment purposes. Fed. R. Evid. 408. Plaintiffs' pre-suit demand and Defendants' extra-contractual settlement offer contained in the February 2, 2021, letter from Ms. Dillard are not admissible. Such evidence would be irrelevant to the issues, create the possibility of bias, and would be prejudicial in that the jury could perceive settlement discussions as a concession of fault or conversely, the refusing party's stubborn, greedy, or mean-spirited rejection. *Hancock v. Shook*, 100 S.W.3d 786, 799 (Mo. banc 2003).

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #12: Plaintiffs are Bound to Statements and Admissions made in Discovery, Disclosures, Depositions and Statement of Uncontroverted Facts**

Plaintiffs have made certain admissions in previously filed discovery responses and disclosures. Plaintiffs have also made certain admissions in their previously filed Statement of Uncontested Facts. Insofar as plaintiff is bound to those admissions, its witnesses and counsel should not be allowed to contradict them during the trial of this matter.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

**Motion in Limine #13: To Bar "Golden Rule" Arguments**

Plaintiffs should be precluded from eliciting testimony or making reference to so-called "Golden Rule" arguments. A "Golden Rule" argument, also known as improper personalization, asks the jury to place itself in the position of a party to the action. *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000); *Spray–Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir.1982), aff'd, 465 U.S. 752 (1984); and *Warren Davis Props. V, L.L.C. v. United Fire & Cas. Co.*, 111 S.W.3d 515, 527 (Mo. App. S.D. 2003). Such arguments are improper because they encourage the jury to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Lovett*, 201 F.3d at 1083. Defendants will be severely prejudiced if Plaintiffs are permitted to elicit testimony or make arguments that tend to ask the jury to put themselves in the position of the parties.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

83487\315108724.v1

**Motion in Limine #14: To Bar Speculative Testimony About What Plaintiffs Would Have Done**

Defendants anticipate Plaintiffs and/or their counsel will make reference to hypothetical factual scenarios or what Plaintiffs may have done – or wish they would have done – differently relative to the subject Policy. See Plaintiff's Motion in Limine #5, Doc. #74. Specifically, Plaintiffs indicated they intend to testify about what they would have done had they received annual reports about the Policy. "Testimony about what a plaintiff might have done under a hypothetical state of facts is speculative and immaterial." *Arnold v. Ingersoll-Rand Co.*, 908 S.W.2d 757, 763 (Mo. App. E.D. 1995) (citing *Teel v. May Department Stores Co.*, 352 Mo. 127, 176 S.W.2d 440, 445 (Mo. 1943); *Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157, 165 (Mo. App. E.D. 1988)).

At deposition, Plaintiffs were unable to say when – or even if – they would have surrendered the Policy at any particular point. Mr. Wiegand testified:

> Q       So are you basically claiming that had you received notices of this policy, that in 2012 you would have exercised the cash surrender under the policy?
>
> A       No, I'm not saying that. I'm saying had I gotten statements from the get-go, which was what, '03 through 2016 I would have had information that would have allowed me to make a decision on what to do next.

Wiegand Dep., 159:15-23.

> Q       Right. And so your testimony is, based on the information you now have received from New York Life, you would have cashed out the policy in 2009? Or you would have exercised your cash surrender –
>
> A       If I would have known what I know now today, I may have chosen, with my sister, to opt for paying the surrender charge and just taken the money.

Wiegand Dep., 162:14-22.

15

In fact, Plaintiffs were not even aware there was a cash surrender option available in 2012. Wiegand Dep., 165: 3-12.

Given Plaintiffs admit they cannot say they would have surrendered the Policy in 2012 or at any other time, they should be barred from suggesting they would have made different choices under different circumstances. *Arnold*, 908 S.W.2d at 763.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

83487\315108724.v1

**Motion in Limine #15: To Bar Testimony That Plaintiffs Were Relieved of their Fiduciary Duties**

The Trust's counsel, Joann Dyroff, had a physical copy of the Policy in her possession by no later than February 17, 2004, but allegedly did not share it with Plaintiffs. Dep. of Wiegand, 137:7-138:15. Plaintiffs admit they did not review the Policy, but it may have been helpful if Dyroff had shared the Policy with them. Dep. of Wiegand, 138:16-17; 140:12-15. Defendants anticipate Plaintiffs may suggest they did not violate their fiduciary duties as trustees to understand the Policy because they relied on counsel. "A trustee cannot delegate any duty involving the exercise of discretion or judgment, unless the power is expressly conferred in the instrument." *Citizens Bank of Edina v. West Quincy Auto Auction, Inc.*, 742 S.W.2d 161, 164 (Mo. banc 1987). Therefore, Plaintiffs should be barred from any suggestion that they were relieved of their fiduciary duties to the Trust because they retained counsel.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

17

**Motion in Limine #15: To Bar Testimony That New York Life failed to Send Plaintiffs an Annual Policy Statement at any Time After 2004.**

On January 12, 2004, Ms. Dyroff sent a letter to New York Life enclosing a "Service Form – Change Requests" document that was signed by the Trustees. See 1/12/04 letter, Dyroff 502. It stated in relevant part:

> We are enclosing the completed Service Form – Change Request for the life insurance policy owned by the Herbert C. Wiegand Revocable Trust, insuring the life of Jean C. Wiegand. As indicated in the document, the original policy has been lost and we are requesting the issuance of a new policy, showing the current owner as the Herbert C. Wiegand Irrevocable Trust.

In addition to the request for a new copy of the Policy, the Service Form included another term not mentioned in the letter: the Trust's address was listed as 165 N. Meramce (sic) Avenue, 6th Floor. This was the office address of their counsel, Ms. Dyroff. In a second letter to New York Life dated February 17, 2004, Ms. Dyroff advised the Policy incorrectly stated that it was owned by Mr. Wiegand, rather than the Trust, but made no mention of the purported request to change the Trust's mailing address. See 2/17/04 letter, Dyroff 502. Had the address change been affected, Plaintiffs would not have received any Policy statements from New York Life from that point forward. The annual policy statements would have been sent to Joann Dyroff-- not Plaintiffs. Ed Wiegand testified that he and his sister never spoke with Joann Dyroff regarding the Policy for the 16-year period from 2004 to 2020. Dep. of Edward Wiegand, 148:12-16. Hence, Plaintiffs, at their own request, would have never received an annual policy statements in regard to the policy at issue.

**Court Ruling**: Allowed _____ Overruled _____ Under Advisement _____

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:   /s/  James M. Brodzik
          Daniel K. Ryan
          James M. Brodzik #66700
          521 West Main Street, Suite 300
          Belleville, IL 62220
          Telephone: 618-277-2400
          Facsimile: 618-277-1144
          Email: JBrodzik@HinshawLaw.com
          Email: DRyan@HinshawLaw.com

          Attorneys for defendants New York Life Insurance &
          Annuity Corporation and New York Life Insurance
          Company

## CERTIFICATE OF SERVICE

The filing attorney certifies that on October 30, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

                             /s/ James M. Brodzik

83487\315108724.v1