IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND and EUGENIA SPRICH, TRUSTEES OF THE HERBERT C. WIEGAND REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendants. | No.4:22-cv-00188-HEA<br><br>Jury Trial Demanded |

## DEFENDANTS' PROPOSED CASE SUMMARY

COME NOW, Defendants, NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY, by and through their attorneys, and for their Proposed Case Summary to be read to the jury, state as follows:

Defendant New York Life Insurance Company ("New York Life") is a mutual insurance company that sells insurance in the State of Missouri. Defendant New York Life Insurance & Annuity Corporation ("NYLIAC") is an insurance company that sells insurance in the State of Missouri. NYLIAC is a wholly-owned subsidiary of New York Life. Plaintiffs Edward Wiegand and Eugenia Sprich are the Trustees of the Herbert C. Wiegand Revocable Trust dated April 15, 1997. The Trust was established by Plaintiffs' father, Dr. Herbert C. Wiegand.

Dr. Wiegand married his second wife, Jean Cameron Walters, in August 1999. Dr. Wiegand was 82 and Jean was 79 at the time of the marriage. Dr. Wiegand and Jean lived together at 9 Huntleigh Woods, St. Louis, Missouri 63131. As part of his estate planning, Dr. Wiegand purchased a universal life insurance policy (policy Number 62 791 665) on the life of his wife, Jean C. Wiegand, from

NYLIAC on or about June 13, 2000 (the "Policy"). The Policy had a face amount of insurance of $1,400,000. The listed address on the application for the purposes of correspondence was 9 Huntleigh Woods, St. Louis, Missouri 63131. Dr. Wiegand funded the Policy with an initial $750,000 premium. The initial premium was guaranteed to last at least eight years, with the potential to last longer if the interest the Policy earned exceeded its remaining cash value. Dr. Wiegand placed ownership of the Policy in The Wiegand Family, LLC for the benefit of his seven children: Herbert Wiegand, Jr.; James Wiegand; Mark Wiegand; Edward Wiegand; Eugenia Sprich; Susan Lennard; and Antoinette Hines.

The Policy states that the owner must "read your policy carefully." While the Policy was active, the policy owners had the option to pay additional premiums or surrender the Policy in exchange for a cash disbursement equal to the present "cash surrender value" under Section 5.5 of the Policy. Every month, the cash value of the Policy fluctuated based on prevailing interest rates earned by the premium payment, less the ongoing cost to maintain the Policy. Coverage under the Policy continued as long as the cash value of the Policy exceeded the monthly cost to maintain the Policy.

Dr. Wiegand died on July 16, 2002. He was survived by his widow, Jean C. Wiegand, and by his seven children. Plaintiffs last interacted with Jean Wiegand within a few days of Dr. Wiegand's funeral. Ms. Wiegand continued living at 9 Huntleigh Woods after Dr. Wiegand's death in 2002 until her own death in 2020. Plaintiffs did not see or speak with Jean Wiegand or her surviving family again for the remaining eighteen years of her life, nor did they attend her funeral.

On July 22, 2003 Plaintiffs engaged attorney Joann Dyroff to notify New York Life in writing that Plaintiffs wished to transfer ownership of the Policy from the Wiegand Family LLC to the Trust and modify the Policy beneficiaries. New York Life acknowledged receipt of the July 22, 2003 letter in return correspondence to attorney Dyroff and recorded the change in ownership on August 19, 2003. On January 12, 2004, attorney Dyroff sent a letter to New York Life enclosing a "Service Form – Change Requests" document that was signed by the Trustees. The Service Form – Change Requests

document mentioned a change of address for the Trust; however, the letter from attorney Dyroff did not. The address on the Service Form – Change Requests document was 165 N. Meramce Avenue, 6th Floor.

New York Life sent Attorney Dyroff a copy of the Policy on or about January 29, 2004. On February 17, 2004, Attorney Dyroff sent another letter to New York Life. The letter acknowledged receipt of the Policy but advised the Policy incorrectly stated it was owned by Dr. Wiegand, rather than the Trust in his name. The February 17, 2004 letter made no mention of the January 12, 2004 request to change the Trust's mailing address.

In correspondence dated June 23, 2004, New York Life confirmed the owner of the Policy was The Herbert C. Wiegand Revocable Trust. The listed mailing address on New York Life's June 23, 2004 correspondence remained 9 Huntleigh Woods. Neither Attorney Dyroff nor the Trustees responded to New York Life's June 23, 2004 correspondence or otherwise notified New York Life that it contained the Huntleigh Woods address rather than the Meramce address. Neither Attorney Dyroff nor Plaintiffs made any further contact with New York Life on behalf of the Trust between June 23, 2004 and 2020.

New York Life prepared annual policy statements regarding the status of the Policy in June of every year the Policy was in force. The annual policy statements provided updates about the Policy's remaining cash value, remaining premium, anticipated changes in the Policy's value in the coming year, and estimated when the Policy was likely to expire if no further premium payments were made. From 2001 through 2010 the annual policy statement was delivered to the 9 Huntleigh Woods address. On June 3, 2011, the Postal Service marked New York Life's annual Policy correspondence to the Huntleigh Woods address as undeliverable. New York Life sent a follow-up letter to the Huntleigh Woods address advising of the prior failure of delivery on June 23, 2011 and requesting a phone call to confirm the Policy's contact information. New York Life received no response and sent a letter to

the Huntleigh Woods address on October 21, 2011 stating that it would not send any further correspondence unless an authorized policy holder confirmed the validity of the address. New York Life received no reply to the October 21, 2011 letter and sent no further correspondence to the Huntleigh Woods address until the Policy lapsed in 2016.

Every June from 2012 to 2016, New York Life prepared annual policy statements and archived them in its file. The Policy lapsed and was no longer in force as of August 15, 2016. At any time, Plaintiffs and Attorney Dyroff could have contacted New York Life for information regarding the Policy, to request Policy documents, request the annual statements, or otherwise discuss the Policy. Jean Wiegand died in November of 2020 at the age of 100.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

By:    /s/ James M. Brodzik
        Daniel K. Ryan #619661
        James M. Brodzik #66700
        521 West Main Street, Suite 300
        Belleville, IL 62220
        Telephone: 618-277-2400
        Facsimile: 618-277-1144
        Email: JBrodzik@HinshawLaw.com
        Email: DRyan@HinshawLaw.com

        Attorneys for defendants New York Life Insurance & Annuity Corporation and New York Life Insurance Company

## CERTIFICATE OF SERVICE

The filing attorney certifies that on October 30, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

/s/ James M. Brodzik