IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND and EUGENIA SPRICH, TRUSTEES OF THE HERBERT C. WIEGAND REVOCABLE TRUST,<br><br>  Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY,<br><br>  Defendants. | No.4:22-cv-00188-HEA<br><br>Jury Trial Demanded |

## DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT AND FOR A CONTINUANCE OF TRIAL DATE

COME NOW Defendants, NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY, by and through their attorneys, and for their Motion for Reconsideration of Order Denying Summary Judgment and for a Continuance of Trial Date state as follows:

On October 31, 2023, the Court entered its Opinion, Memorandum, and Order ("the Order") denying Defendants' Motion for Summary Judgment. Doc. #84. Defendants respectfully request that the Court reconsider its Order pursuant to Fed. R. Civ. P. 54(b) and its "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 L.P. v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007).

First, the Order conflicts with the Court's August 21, 2023, Order extending the Defendants' deadline to file its Reply in Support of Summary Judgment pending the Court's decision on Defendants' Motion to Compel the testimony of Joann Dyroff. Docs. #42, 65, and 69.

Second, the Order did not address any of the grounds Defendants raised in their Motion for Summary Judgment and did not identify any genuinely disputed material facts. Specifically, there are

two essential elements of breach of contract that Plaintiffs cannot establish: (1) their own performance and (2) non-speculative damages. Neither element was addressed in the Order.

Similarly, New York Life argued Plaintiffs cannot establish the elements of vexatious refusal to pay. New York Life negotiated with Plaintiffs in good faith and promptly and thoroughly investigated Plaintiffs' claims. Further, vexatious refusal is inappropriate because New York Life was entitled to seek judicial determination of reasonably litigable issues relating to the existence of liability and extent of damages. None of these issues were addressed in the Order.

Finally, whether Plaintiffs were correct in their belief "nothing further had to be done, based on information they were provided by insurance agents" is a legal question properly resolved on summary judgment.

For the reasons stated below, the Court should withdraw its Order denying summary judgment and continue the November 13, 2023, trial date until after all pretrial motions have been resolved.

**I. The Motion for Summary Judgment was not ripe for decision pursuant to this Court's Order, Doc. #69 and the Eastern District of Missouri's Local Rules.**

On April 13, 2023, Defendants filed a Motion to Compel Deposition Testimony of Joann Dyroff. Doc. #42. The Motion sought certain testimony Ms. Dyroff declined to provide at an earlier deposition on the basis of attorney-client privilege and confidentiality. The Motion was still pending when the Court entered its Fifth Amended Case Management Order on June 2, 2023. Doc. #53. The Case Management Order set the deadline to file dispositive motions no later than July 17, 2023.

Defendants timely filed their Motion for Summary Judgment on July 17, 2023. Docs. #54-56. The Motion to Compel Ms. Dyroff's testimony remained pending at that time. On August 16, 2023, the Court granted Defendants' separate Motion to Compel the deposition of Eugenia Sprich but did not rule on the Motion to Compel the testimony of Ms. Dyroff. Doc. #64. On August 18, 2023, Defendants filed a Combined Motion to Extend Summary Judgment Briefing Deadlines, Amend Case

Management Order and for Continuance of Trial, arguing the deadline to file a Reply in Support of Summary Judgment should be held in abeyance pending the Court's ruling on the Dyroff Motion to Compel so that her testimony could be incorporated into the Motion for Summary Judgment. Doc. #65. On August 21, 2023, the Court entered an order which stated in full:

> Docket Text ORDER: Re [65] MOTION for Extension of: Combined Motion to Extend Summary Judgment Briefing Deadlines, Amend Case Management Order and for Continuance of Trial filed by Defendants New York Life Insurance & Annuity Corporation, New York Life Insurance Company; ORDERED The deadline to file the reply to summary judgment is GRANTED. The request to continue the trial is DENIED. So Ordered.

Ms. Dyroff's anticipated testimony is material to the speculative damages component of Plaintiffs' Motion for Summary Judgment. The testimony to be compelled pertained to Ms. Dyroff's communications with Plaintiffs about the Policy, lack of knowledge of its terms, and failure to forward documents relating to the Policy to Plaintiffs. Two particularly salient examples of Ms. Dyroff's failure to forward documents that were in her file included a copy of the Policy itself and illustrations about how the Policy worked, neither of which were shared with Plaintiffs. Given the Service Form directed future New York Life communications about the Policy be sent to Dyroff rather than to Plaintiffs directly, Dyroff's lack of diligence in forwarding material documents to Plaintiffs (her clients) is highly relevant to their claim that they *would* have seen the annual policy statements, read and analyzed the Policy, and ultimately exercised the cash surrender option in June of 2012, as alleged.

Local Rule 4.01(C) provides: "Within ten (10) days after being served with a memorandum in opposition, the moving party may file a reply memorandum. Additional memoranda may be filed by either party only with leave of Court." Local Rule 4.01 confers a right on Defendants to timely file a reply memorandum in support of the Motion for Summary Judgment. Defendants' deadline to do so

3

was extended by the Court's Order and has not expired because the Motion to Compel Ms. Dyroff's testimony is pending. Thus, the Order denying Defendants' Motion for Summary Judgment was premature and deprived Defendants of an opportunity to fully brief their Motion.

**II. The Court should reconsider the bases for its decision denying summary judgment.**

The Court should also grant Defendants' Motion for Reconsideration because the Order misconstrued Defendants' summary judgment arguments, did not identify any genuinely disputed material facts, and did not address any of the bases for summary judgment raised in the Motion. The Order states, "Defendants argue they are entitled to judgment as a matter of law because the policy lapsed for lack of payment of the premiums." Order, pp. 12. However, Defendants did not make this argument. With respect to breach of contract, Defendants argued Plaintiffs cannot establish the elements of their own performance or damages. With respect to vexatious refusal to pay, Defendants argued they did not refuse to pay Plaintiffs' claim, did not take a vexatious position toward resolving the claim, and have reasonably litigable defenses. None of the above arguments were addressed in the Order.

**a. Defendants' Breach of Contract arguments were not addressed.**

Defendants argued Plaintiffs' breach of contract claim fails for two reasons: (1) their silence was inconsistent with honest dealings and misled New York Life and (2) their damages claim is speculative. Specifically, Plaintiffs' counsel sent New York Life multiple itemized requests to change various aspects of the Policy from 2003-2004 and did not hesitate to follow up as needed to correct any issues that were not fully resolved in prior correspondence. Such issues included the Policy's transfer of ownership and Plaintiffs' request for a new copy of the Policy, both of which were resolved. If Plaintiffs were still dissatisfied after receiving the June 23, 2004, correspondence from New York Life in which the address information was unchanged, their failure to bring any remaining issues to New York Life's attention was out of step and inconsistent with Plaintiffs' own practices.

83487\315207246.v1

"When a party is under a duty to speak, or when his failure to speak is inconsistent with honest dealings, and misleads another, then his silence may be deemed to be acquiescence." *Doran, Inc. v. James A. Green, Jr. & Co.* 654 S.W.2d 106 (Mo. App. W.D. 1983). The issue giving rise to this case – the change of address – was raised in the parties' correspondence but was not resolved, yet Plaintiffs remained silent for sixteen years. This silence was a change from and inconsistent with the parties' dealings to that point and misled New York Life into believing Plaintiffs' requests had been met to their satisfaction. Plaintiffs could have contacted New York Life at any point between 2004 and the lapse of the Policy for information on the Policy and they failed to do so.

Plaintiffs also violated their duties as fiduciaries of the trust by failing to read and understand the Policy or contact Defendants while it was in effect. Missouri law presumes parties to a contract had knowledge of its terms and recognizes a duty to read the contract. *Lopez v. GMT Auto Sales*, 656 S.W.3d 315, 321 (Mo. App. E.D. 2022). A party who is capable of reading and understanding a contract is charged with knowledge of its terms. *Farmland Indus. v. Bittner*, 920 S.W.2d 581, 584 (Mo. App. W.D. 1996) (citing *Sanger v. Yellow Cab Co.*, 486 S.W.2d 477 (Mo. banc 1972). Accordingly, Plaintiffs had a legal duty to read and understand the terms of an insurance policy to which they were parties and now seek to enforce. Here, it is undisputed that neither Plaintiff ever read the policy until after it lapsed and was no longer in effect. And yet Plaintiffs base their entire damages theory on the retrospective, theoretical exercise of a cash value surrender option that they never even knew existed, much less actually exercised.

The Order also did not address New York Life's argument that Plaintiffs' damage claims were impermissibly speculative and therefore not recoverable under Missouri law. Damages in breach of contract require "actual facts that present a basis for a rational estimate of damages without resort to speculation." *Guidry v. Charter Communs., Inc.*, 269 S.W.3d 520, 533 (Mo. App. E.D. 2008). "This principle limits the reach of redress, on the breach of the contract, to the proximately caused or

reasonably contemplated losses and excludes the problematical profits of future bargains." *Id.* Damage claims may not be based on "consequences which are contingent, speculative, or merely possible." *Delgado v. Mitchell*, 55 S.W.3d 508, 512 (Mo. App. S.D. 2001) (citing *First Nat'l Bank v. Kansas City S. Ry.*, 865 S.W.2d 719, 739 (Mo. App. W.D. 1993)).

Without the convenient benefit of hindsight, none of Plaintiffs' damage allegations have any relationship to what Plaintiffs actually did, or would have done at any point in time. This is especially so because it is undisputed that Plaintiffs failed to read the Policy until after it lapsed, never even considered exercising the cash value option, and never took any steps to surrender the Policy. Similarly, Plaintiffs do not explain how even if Ms. Dyroff had forwarded the annual statements to them, those statements would have prompted them to finally read the Policy and decide to cash it out. Instead, Plaintiffs speculate about a chain of hypothetical events that they now contend would have led to surrendering the Policy. This chain of assumptions includes the following: (1) attorney Dyroff would have forwarded them the annual statements, despite her failure to provide Plaintiffs with other documents, including a copy of the Policy she received in early 2004; (2) they would have read the statements upon receipt; (3) they would have then read the Policy so as to understand the cash value surrender option; (4) they would have analyzed the pros and cons in exercising the option; (5) they would have obtained health and other information about Ms. Wiegand in order to assess whether to maintain the coverage and thereby potentially get the full death benefit of $1.4 million rather than the significantly less cash value; (6) they would get consensus between the trustees and beneficiaries to go forward with for exercising the cash value option; and (7) they would have exercised the option on a particular date. None of the above was addressed in the Order. Plaintiffs have offered no "actual facts that present a basis for a rational estimate of damages." *Guidry*, 269 S.W.3d at 533.

**b. Defendants' vexatious refusal arguments were not addressed.**

The Order also makes no reference to Plaintiffs' claim for vexatious refusal to pay or Defendants' arguments in favor of summary judgment. Defendants argued they have not taken a vexatious approach in negotiating Plaintiffs' claim, offered to settle the matter nearly a year before Plaintiffs made a demand, and Defendants had reasonable cause to believe there are reasonably litigable issues as to the existence and extent of Plaintiffs' entitlement to recover under the Policy. *Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 76 (Mo. App. W.D. 1995). None of these arguments were addressed in the Order.

**c. Whether Plaintiffs breached a duty by failing to act after sending the Service Form is a legal question properly decided on summary judgment.**

The Order's characterization of Plaintiffs' argument contains questions of law that are properly resolved on summary judgment. The Order states, "Plaintiffs argue they sent a change of address form to NY Life and thought nothing further had to be done, based on information they were provided by insurance agents." Order pp. 12. Whether Plaintiffs breached a duty to read and understand the Policy is a legal question, not a factual one. Missouri law presumes parties to a contract had knowledge of its terms and recognizes a duty to read the contract. *Lopez*, 656 S.W.3d at 321. A party who is capable of reading and understanding a contract is charged with knowledge of its terms. *Farmland Indus.*, 920 S.W.2d at 584. Plaintiffs may not rely on the statements and representations of an insurance agent in lieu of actually reading the policy. See *Bull v. Allstate Ins. Co.*, No. 2:07-CV-1595, 2009 U.S. Dist. LEXIS 68923, at *30 (W.D. La. 2009) ("[Insured] had a legal duty to read, familiarize, and understand the terms of the policy regardless of any assurance [the insurance agent] gave them"); *Blackstone v. Chase Manhattan Mortg. Corp.*, No. 10-4604, 2012 U.S. Dist. LEXIS 32252, at *17-18 (E.D. La. 2012) (same).

Defendants respectfully request the Court withdraw its Order and reconsider the above arguments.

### III. The November 13, 2023, trial date should be continued.

With less than five court days prior to the scheduled trial date, the Motion to Compel Ms. Dyroff's testimony remains pending. At this late stage, it is unlikely that the parties would be able to depose Ms. Dyroff, get a transcript of her testimony, and submit a reply in support of summary judgment before the trial date. Similarly, Plaintiffs' Motion to Exclude Defendants' Expert Witness Charles Bowden is fully briefed and has been pending since August 19, 2023. Doc. #67. To promote full consideration of the outstanding issues, the Court should grant this Motion for Reconsideration, withdraw its Order denying summary judgment, rule on the Motion to Compel, establish new deadlines for Defendants to file their Reply in Support of Summary Judgment in consideration of the need to depose Ms. Dyroff, and continue trial to a mutually agreeable date in 2024.

Scheduling orders may be amended pursuant to Fed. R. Civ. P. 16(b) for good cause. See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) and *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Givens v. St. Louis Cty., 2021 U.S. Dist. LEXIS 147822, *4 (E.D. Mo. 2021) (quoting Bradford, 249 F.3d at 809). As the Court recognized in its Order extending New York Life's deadline to file its Reply in Support of Summary Judgment, Ms. Dyroff's anticipated testimony will be material to the arguments raised in the Motion. New York Life timely and diligently raised this issue well before the dispositive motion deadline, filing the Motion to Compel more than six months ago.

At this late stage, the parties cannot depose Ms. Dyroff and fully brief the Motion for Summary Judgment before trial begins on November 13. Further, Plaintiffs' Motion to Exclude New York Life's expert, Charles Bowden, has been pending since July 17, 2023. New York Life therefore respectfully

renews its request that the Court enter a Sixth Amended Case Management Order, rule on the outstanding motions, withdraw and re-issue an Order on New York Life's Motion for Summary Judgment after it has been fully briefed, and reset trial for a mutually agreeable date in 2024. See Doc. #65.

## Conclusion

In sum, the interests of justice would be served if the Court withdraws its Order denying summary judgment and continues the trial date currently scheduled for November 13, 2023. Withdrawal of the Order and continuance of trial would be consistent with the Court's August 21, 2023, Order, which provided New York Life's deadline to file a reply brief in support of its Motion for Summary Judgment would be extended until after the Court's ruling on the Motion to Compel Ms. Dyroff's testimony – an event that has not yet occurred. Further, the Order should be withdrawn and reconsidered because it did not (1) address either of New York Life's arguments respecting breach of contract and ruled on an argument New York Life did not make, (2) address New York Life's arguments as to vexatious refusal to pay, or (3) identify any material facts in genuine dispute. For these reasons and because trial is imminent, additional time will be needed to take Ms. Dyroff's deposition, receive the transcript, and incorporate her testimony into New York Life's briefing.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Reconsideration, withdraw its Order Denying Summary Judgment, enter an Order continuing the trial date, and for such other and further relief the Court deems just and proper.

                      Respectfully submitted,

                      HINSHAW & CULBERTSON LLP

By:    /s/    James M. Brodzik
        Daniel K. Ryan #619661
        James M. Brodzik #66700
        521 West Main Street, Suite 300
        Belleville, IL 62220
        Telephone: 618-277-2400
        Facsimile: 618-277-1144
        Email: JBrodzik@HinshawLaw.com
        Email: DRyan@HinshawLaw.com

Attorneys for defendants New York Life Insurance & Annuity Corporation and New York Life Insurance Company

## **CERTIFICATE OF SERVICE**

      The filing attorney certifies that on November 3, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

                                                    /s/ James M. Brodzik