IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND, *et al.*, etc., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NEW YORK LIFE INSURANCE )<br>& ANNUITY CORPORATION, *et al.*, )<br>)<br>Defendants. ) | Case No. 4:22-cv-00188 HEA<br><br>Jury Trial Demanded |

**OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION AND A CONTINUANCE**

A mere ten days before trial, NY Life[1] asks the court to reconsider — *i.e.*, reverse — its recent order denying NY Life's motion for summary judgment and also asks the court to continue the trial date indefinitely. [Doc. 88]. The motion should be denied.

A little background. NY Life filed its motion for summary judgment [Doc. 54] on the last possible date under the Fifth Amended Case Management Order ("CMO") [Doc. 53]. Under the CMO, NY Life's reply brief, *if any*, in support of summary judgment was due August 21, 2023:

---

[1]   For convenience, defendants are jointly referred to as "NY Life".

1

> Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than July 17, 2023. Opposition briefs shall be filed no later than August 7, 2023, and **any** reply brief **may be filed** no later than August 21, 2023.

[Doc. 53 at 2 (emphasis added; bold and underline in original removed)].

Reply briefs in support of motions for summary judgment are not required and the court can decide the motion without such a brief. *Pitts v. State Farm Mut. Auto. Ins. Co.*, 273 F. Supp. 3d 1044, 1045 n.2 (E.D. Mo. 2017) ("a reply brief is not required"; granting summary judgment); *see also* Rule 56, F.R.Civ.P. (no reference to a reply brief); E.D. Mo. Local Rule 4.01(E) (detailing requirements of briefs in support of and in opposition to motions for summary judgment, without any reference to reply briefs); CMO ("reply brief may be filed") [Doc. 53 at 2].

On August 18 — three days before the deadline for "any reply brief" — NY Life filed a confusing "combined motion" [Doc. 65] seeking several items of delay. The "RELIEF SOUGHT" by NY Life was "that the Court amend its Case Management Order, hold its dispositive motion deadlines in abeyance, and continue the trial date in this matter." [Doc. 65 at 1].

2

Later in the motion, NY Life specifically requested that the court amend the CMO to set an *indefinite future date* for its reply brief:

> 17. New York Life further proposes that the Court enter a Sixth Amended Case Management Order, incorporating new deadlines to depose Ms. Sprich and/or Ms. Dyroff, complete dispositive motions with New York Life having 21 days following the last deposition to file a reply to summary judgment and Plaintiffs having 14 days after the reply to file a surreply, and continuing the November 13, 2023 trial date to the end of April or beginning of May 2024.

[Doc. 65 at 3].

Notably, NY Life's motion seeking additional time to conduct discovery (a second deposition of both plaintiff Eugenia Sprich and her lawyer Joann Dyroff) *was not supported by a declaration or affidavit* explaining why NY Life needed the extra time, even though this is a requirement to bring such a motion. The summary judgment rule states:

> (d) *When Facts Are Unavailable to the Nonmovant.*[2]
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[2] The Federal Rules do not contemplate a situation where the moving party in a motion for summary judgment needs to do more discovery, but the district court generously allowed NY Life's motion to proceed nonetheless.

3

>>(1) defer considering the motion or deny it;
>
>>(2) allow time to obtain affidavits or declarations or to take discovery; or
>
>>(3) issue any other appropriate order.

Rule 56(d), F.R.Civ.P.

This court never entered the Sixth Amended CMO requested by NY Life. The court never entered an order allowing NY Life an indefinite date to file its reply "21 days following the last deposition," whenever that might be. Instead, on August 21, 2023, the day NY Life's reply brief was then due and only three days after NY Life filed its confusing "combined motion," the court entered a brief docket order stating:

> ORDERED. The deadline to file the reply to summary judgment is GRANTED. The request to continue the trial is DENIED. So Ordered.

NY Life took its second deposition of Eugenia Sprich September 14, 2023. That was the last deposition taken in this case. "21 days following the last deposition" was October 5, 2023. NY Life did not file a reply brief by October 5. NY Life also never filed a response to the additional material facts recited by plaintiffs in their August 8, 2021 filing. *Instead, NY Life waited until ten days before trial to seek a continuance.*

4

The court's order denying summary judgment does not conflict with the court's August 21, 2023 docket order. The August 21 order did not purport to keep the deadline for filing NY Life's summary judgment reply brief open indefinitely. If NY Life thought that the August 21 order gave NY Life an open-ended ability to delay the trial indefinitely while it enjoyed an infinite deadline in which to file its summary judgment reply brief, that is NY Life's problem because that belief is unreasonable. At a minimum, NY Life should have asked the court for clarification. Indeed, the notion of an open-ended or indefinite deadline that NY Life advocates is itself so absurd as to defy the meaning of "deadline," demonstrating the unreasonableness of NY Life's position.

So, the court's order denying summary judgment did not conflict with the August 21, 2023 docket order. The court also did not err in denying summary judgment. The court correctly found that there were material facts genuinely in dispute. Indeed, *Plaintiffs' Response to Defendants' Statement of Purportedly Uncontroverted Material Facts* [Doc. 59] detailed why many of NY Life's purported uncontroverted facts were genuinely in dispute. The response also added nine more paragraphs of material facts against summary judgment to which NY Life never responded.

The court acted correctly in denying NY Life summary judgment. NY Life complains the court did not explicitly discuss each and every argument raised in the motion for summary judgment. There has never been a rule, however, imposing on a district court the obligation to expressly consider and discuss every frivolous or lamebrained argument made by a party in a filing. NY Life cites no authority imposing such an obligation. A rule requiring a district court to discuss every argument raised in every motion, as advocated by NY Life, would impose unnecessary work on a court that already has enough serious work to do. Such a rule, like the instant motion, would have no purpose but to delay.

## CONCLUSION

NY Life's motion to delay, delay, delay — formally captioned *Motion for Reconsideration of Order Denying Summary Judgment and for a Continuance of Trial Date* — should be denied without delay.

          Respectfully submitted,

          Jacobson Press P.C.

By:   /s/ Joe D. Jacobson
       Joe D. Jacobson #33715
       222 South Central Avenue, Suite 550
       Clayton, MO 63105
       Tel: (314) 899-9789
       Direct: (314) 899-9790
       Fax: (314) 899-0282
       Email: Jacobson@ArchCityLawyers.com

       Attorneys for plaintiffs Edward
       Wiegand and Eugenia Sprich

## CERTIFICATE OF SERVICE

The filing attorney certifies that copies of this document were served on each counsel of record participating in the court's electronic case filing (ECF) system by filing this document through the ECF system on November 3, 2023.