IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| EDWARD WIEGAND and EUGENIA SPRICH, TRUSTEES OF THE HERBERT C. WIEGAND REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendants. | No.4:22-cv-00188-HEA<br><br>Jury Trial Demanded |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT AND CONTINUANCE OF TRIAL

COME NOW Defendants, NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY, by and through their attorneys, and for their Reply in Support of Motion for Reconsideration of Order Denying Summary Judgment and Continuance of Trial state as follows:

Plaintiffs' Opposition to Defendants' Motion for Reconsideration and Continuance warrants a reply. Doc. #89. Defendants did not argue the Court was *required* to permit them to file a Reply in support of their Motion for Summary Judgment. However, the Court *did* exercise its discretion in granting Defendants' specific request that they not be required to file their Reply until after the Court ruled on *both* the Motion to Compel the testimony of Eugenia Sprich and the Motion to Compel the testimony of attorney Joann Dyroff. See Motion to Extend Briefing Deadlines, Doc. #65, ¶ 15 ("New York Life respectfully requests that the Summary Judgment deadlines be held in abeyance until after the Court has ruled on both Motions to Compel, the deponent(s) have been deposed in accordance with the Court's Orders, and the parties receive transcripts of said testimony."). The Court's August 21, 2023 Order granted the requested extension without modification. Doc. #69. Because Defendants

had the right to rely on the extension, the Court should withdraw its Order denying summary judgment and reconsider its ruling after briefing has been completed.

Plaintiffs' contentions that that Defendants (1) have control over any delays, "open-ended" or otherwise, in completing briefing, (2) requested or received an "indefinite" extension to file their Reply in Support of Summary Judgment, or (3) were "unreasonable" in believing the Court would not rule until briefing was completed based on its August 21 Order, are disingenuous and false. Defendants have a right to rely on the Court's orders. See, e.g., *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 30 (1st Cir. 1996) ("When a court charts a procedural route, lawyers and litigants are entitled to rely on it. A court cannot alter its bearings mid-course without signaling the impending change to the parties."). Here, the Court has "altered its bearings mid-course without signaling the impending change" by ruling on the Motion for Summary Judgment while the Motion to Compel Dyroff's testimony remains pending. *Id.* The extension Defendants requested was only "indefinite" in the sense Defendants have no control over when the Court rules on the Motion to Compel, which has been pending since April 13, 2023. The Court's August 21 Order granted Defendants' request that they be permitted to file their reply brief after two conditions were met: (1) a decision had been rendered as to Ms. Sprich and (2) a decision had been rendered as to Ms. Dyroff. To date, the second condition has not been met.

Plaintiffs complain that Defendants filed this Motion ten days before trial, as if that was a strategic choice or delay tactic. The assertion is absurd. The Court "altered its bearings" by entering the Order denying the Motion for Summary Judgment – without a ruling on the Motion to Compel – at the close of business on October 31. Defendants filed their Motion for Reconsideration and Continuance on November 3. Similarly, Plaintiffs concede their red herring reference to Fed. R. Civ. P. 56(d)'s requirement that a *nonmoving* party opposing summary judgment must support a request for additional discovery by declaration or affidavit does not apply here.

83487\315216256.v1

Plaintiffs mischaracterize Defendants' argument in support of reconsideration of the Motion for Summary Judgment. They claim Defendants "complain the court did not explicitly discuss each and every argument raised in the motion for summary judgment." Doc. #89, pp. 6. That is not the argument. Rather, the Court's Order did not discuss *any* argument raised in the Motion, nor did it identify a single fact it finds to be material and in genuine dispute.

The Discussion section of the Order consisted of four sentences. One sentence was devoted to summarizing Defendants' argument: "Defendants argue they are entitled to judgment as a matter of law because the policy lapsed for lack of payment of the premiums." Doc. #84, pp. 12. This is *not* an argument Defendants made, nor does it encompass any of the arguments Defendants did make. Moreover, the Order contained no reference at all to the other count at issue, vexatious refusal to pay. A District Court's failure to fully consider and rule upon arguments raised on summary judgment can require appellate remand for the District Court to decide the issue in the first instance. See, e.g., *Macheca Transp. Co. v. Phila. Indm. Ins. Co.*, 463 F.3d 827, 830-32 (8th Cir. 2006) (citing *Younts v. Fremont County*, 370 F.3d 748, 754 (8th Cir. 2004) (remanding appeal following summary judgment because the District Court did not address appellant's primary argument and deciding the issue on appeal would usurp the District Court's role).

For the reasons stated above, the Court should withdraw its Order denying summary judgment and rule on the pending Motion to Compel attorney Dyroff's testimony. If the Court denies the Motion to Compel, Defendants will file their Reply in support of summary judgment. However, if the Court grants the Motion, Ms. Dyroff will need to be deposed, her transcript will need to be recorded and distributed to the parties, her testimony will need to be incorporated into the Reply, and Plaintiffs may seek to file a surreply. In either event, there is not sufficient time from now until the scheduled trial date of November 13 for the above steps to take place. The Court should therefore withdraw its Order denying summary judgment and continue trial to a mutually agreeable date in 2024.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Reconsideration, withdraw its Order Denying Summary Judgment, enter an Order continuing the trial date, and for such other and further relief the Court deems just and proper.

                Respectfully submitted,

                HINSHAW & CULBERTSON LLP

By:    /s/   James M. Brodzik
       Daniel K. Ryan #619661
       James M. Brodzik #66700
       521 West Main Street, Suite 300
       Belleville, IL 62220
       Telephone: 618-277-2400
       Facsimile: 618-277-1144
       Email: JBrodzik@HinshawLaw.com
       Email: DRyan@HinshawLaw.com

       Attorneys for defendants New York Life Insurance & Annuity Corporation and New York Life Insurance Company

## CERTIFICATE OF SERVICE

The filing attorney certifies that on November 6, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

                      /s/ James M. Brodzik