UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD WIEGAND and EUGENIA SPRICH, TRUSTEES OF THE HERBERT C. WIEGAND REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION and NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:22CV188 HEA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' *Daubert* Motion to Exclude Expert Testimony of Charles Bowden, [Doc. No. 57]. Defendant has filed an opposition to the Motion. Plaintiffs have filed a reply thereto. For the reasons set forth below, the Motion is granted in part and denied in part.

### **Basis for Motion**

Plaintiffs move to preclude Defendants Expert from testifying at trial as to certain items, *to wit*:

> 1. Why was the life insurance policy able to continue from 2000, the effective date of the policy without continuing premium payments?
>
> 2. Why was the policy initially held in the Family

1

LLC and subsequently moved to the revocable trust?

3. What are the administrative issues that allowed the policy to lapse prior to the death of the insured?

Plaintiff argues that Mr. Bowden's opinions are not really expert opinions, rather, his proposed testimony is argument and/or common concepts that are not needed to aid the jury.

## Discussion

The admissibility of expert testimony presents an issue of law governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) the testimony is based on sufficient facts or data;
> > (c) the testimony is the product of reliable principles and methods; and
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. "If experts in the particular field would reasonably rely on those kinds of facts or data

2

in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id.*

The proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony" and favors admission over exclusion. *Id.* (internal quotation marks omitted). The determination as to the admissibility of expert testimony is within a district court's sound discretion. *See Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997).

A district court must ensure that testimony admitted under Rule 702 "is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. When making the reliability determination, a court may evaluate whether the expert's method has been tested or subjected to peer review and publication, the method's known or potential rate of error, and the method's general acceptance. *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 643 (8th Cir. 2009) (citing *Daubert*, 509 U.S. at 593–94). These factors are not exhaustive, and a court must evaluate the reliability of expert testimony based on the facts of the case. *Id.* A court also may consider "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with

3

the facts of the case." *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2008) (internal quotation marks omitted). When weighing these factors, a district court must function as a gatekeeper to separate "expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001).

Expert testimony is not admissible if it is "speculative, unsupported by sufficient facts, or contrary to the facts of the case," *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006), such that the testimony is "so fundamentally unsupported that it can offer no assistance to the jury," *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006) (internal quotation marks omitted). But disputes about the factual basis of an expert's testimony ordinarily implicate the credibility—not the admissibility—of the testimony. *Sappington*, 512 F.3d at 450; *see also Minn. Supply Co.*, 472 F.3d at 544.

Plaintiffs argue Mr. Bowden's conclusions are merely recaps of factual points discussed in his report, his opinions are lay opinions, and it sets out an opinion that is irrelevant in a breach of contract case. Further, Plaintiffs argue Mr. Bowden's opinions are in reality, legal argument, which is not appropriate.

4

Defendants argue Mr. Bowden's opinions are proper as industry standards can provide assistance to the fact finders.

Industry practices or standards may be relevant in insurance cases, and the Eighth Circuit has upheld the admission of opinion testimony addressing whether an insurance company handled a claim properly under industry standards. *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 340, 343–44 (8th Cir. 2009) ("Industry-wide practices are relevant to the question of whether an insurer acts within acceptable boundaries based on information it has received in a given case."). See also *Thomas v. State Farm Mutual Auto. Ins. Co.*, No. 4:22-CV-724 RLW, 2024 WL 195752, at *4 (E.D. Mo. Jan. 18, 2024); *Am. Mod. Home Ins. Co. v. Thomas*, No. 4:16-CV-215 CDP, 2018 WL 4404723, at *7 (E.D. Mo. Sept. 17, 2018) (allowing insurance industry experts to testify as to industry practices and standards, but not allowing them to testify to "a legal conclusion that the alleged conduct was or was not vexatious under Missouri law"); *AXIS Specialty Ins. Co. v. New Hampshire Ins. Co.*, No. 15-809-CV-W-ODS, 2017 WL 445746, at *2 (W.D. Mo. Feb. 2, 2017) (allowing insurance industry expert to testify, but with the limitation that he not offer legal opinions); *Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2014 WL 3097284, at *6 (E.D. Mo. July 7, 2014) (same); *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05-CV-1934 DDN, 2013 WL 4776277, at *11–12

(E.D. Mo. Sept. 6, 2013) (same); *Amica Mut. Ins. Co. v. Willard*, No. 4:07-CV-1745 DDN, 2009 WL 2982902, at *3 (E.D. Mo. Sept. 14, 2009).

In *American Model Home Insurance Co.*, both sides sought to introduce experts who would testify as to insurance industry practices and standards, which the parties believed were relevant to the plaintiff's claim of vexatious refusal to pay. 2018 WL 4404723, at *7. The district court allowed the two insurance industry experts to testify, but the court strictly limited their testimony. The experts were allowed to testify as to "industry standards in general, proper claims handling, and the effect of certain information and circumstances on claims decisions." *Id.* (citations omitted). They were also allowed to "offer their opinion on whether any of [the defendant]'s actions deviated from insurance industry customs and practices." *Id*. But the experts were not permitted to offer their legal opinions. Noting that an expert "may not intrude on the Court's role to instruct the jury as to the law and testify to a legal conclusion," the court did not allow the experts to testify regarding "the legal standard of vexatious refusal to pay under Missouri law or to their opinion as to whether or not [the defendant]'s conduct was vexatious under Missouri law." *Id*.

In the matter before the Court, Mr. Bowden proposes to explain industry standards regarding policy updates and the like. He may testify to such matters. He may not however, give his legal opinion as to which party was "at fault."

6

## Conclusion

For the reasons set forth herein, Plaintiff's Motion to Exclude Defendant's expert, Charles Bowden is granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Daubert Motion to Exclude Expert Testimony of Charles Bowden, [Doc. No. 57], is granted in part and denied in part.

Dated this 26th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE